# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1195V
Filed: August 9, 2023

|  |  |
|---|---|
| LINDA LEASURE,<br><br>          Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>          Respondent. | Special Master Horner |

*Leah V. Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.
*Lara A. Englund*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 14, 2019, Linda Leasure ("petitioner"), filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa, *et seq.* (2012).[2] Petitioner alleged she suffered a shoulder injury related to vaccine administration following receipt of an influenza vaccine on October 31, 2018. (ECF No. 1.) On October 28, 2021, petitioner was awarded compensation. (ECF No. 37.)

On April 26, 2022, petitioner filed an application for attorneys' fees and costs. (ECF No. 42 ("Fees App.").) Petitioner requests total attorneys' fees and costs in the amount of $40,461.84, representing $30,869.90 in attorneys' fees and $ 9,591.94 in costs. Fees App. at 1. Additionally, petitioner incurred costs of $400.00 related to the prosecution of her petition. *Id.* Respondent responded to the motion on May 17, 2023, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (ECF No. 43 ("Resp.") at 2.) Petitioner

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

filed a reply on May 22, 2023, reiterating his belief that the requested attorneys' fees and costs are reasonable. (ECF No. 44.) This matter is now ripe for consideration.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. *See* § 300aa-15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *See id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520-21 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Special masters need not engage in a line-by-line analysis of a petitioner's fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests[,] . . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), I have reviewed the billing records and costs in this case and find that petitioner's request for fees and costs is reasonable. My review confirms that the fees and costs are sufficiently documented and also that the overall amount sought is reasonable given the nature of the case, counsel's performance, and the specific procedural history of the case. Moreover, respondent does not object.

Accordingly, petitioner is awarded attorneys' fees and costs totaling $40,861.84 as follows:

- **A lump sum in the amount of $400.00, representing reimbursement of petitioner's personal costs, in the form of a check payable to petitioner; and**

- **A lump sum in the amount of $40,461.84, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's counsel, Leah Durant, Esq., of the Law Offices of Leah V. Durant, PLLC.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

        **s/Daniel T. Horner**
        Daniel T. Horner
        Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).